JAMES P. C. SILVESTRI, ESQ.
Nevada Bar No. 3603
PYATT SILVESTRI
701 Bridger Ave., Suite 600
Las Vegas, NV 89101
Tel: (702) 383-6000
Fax: (702) 477-0088
jsilvestri@pyattsilvestri.com

Attorney for Defendant,
*ALLSTATE INSURANCE COMPANY*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRENDA THOMPSON,<br><br>    Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>    Defendant. | CASE NO.: 2:17-cv-_____ |

### NOTICE OF REMOVAL

COMES NOW, Defendant, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, erroneously identified as "ALLSTATE INSURANCE COMPANY" (hereinafter "Defendant"), and hereby files this Notice of Removal of the above-described action to the United States District Court for the Southern District of the State of Nevada, from the District Court of Clark County, where the action is now pending as provided by Title 28, U.S. Code, Chapter 1441 and states:

1.  ALLSTATE is the only Defendant in the above entitled action.

2.  The above-entitled action was commenced in the District Court of Clark County, State of Nevada and is now pending in that court. Process was served on Defendant, ALLSTATE, on December 15, 2016. A copy of the Plaintiff's Complaint setting forth the claim for relief upon which the action is based was first received by ALLSTATE on or about December 20, 2016.

3.  The action is a civil action for claims for damages resulting from two separate motor vehicle accidents. The first accident occurred on or about May 8, 2013, and the second accident occurred on or about January 23, 2014. Plaintiff resolved her claims with both of the third-party drivers and then made a bad faith claim to ALLSTATE.

4.  Plaintiff's Complaint alleges Causes of Action for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing or Bad Faith, and Violation of the Nevada Unfair Trade Practices Act. Plaintiff is seeking general, special and punitive damages in an amount in excess of $10,000.00.

5.  The United States District Court for the Southern District of Nevada has jurisdiction by reason of diversity of citizenship of the parties. Plaintiff, BRENDA THOMPSON, has represented she is a resident of Nevada. ALLSTATE is now and at the time the state action was commenced incorporated and based in the State of Illinois and ALLSTATE is licensed to do business in Nevada. No change of citizenship of parties has occurred since the commencement of the action. This Answering Defendant is not incorporated in the state where the action was brought.

6.  A copy of all process, pleadings, and orders served upon Defendant is filed with this notice as Exhibit "A" pursuant to 28 U.S.C. § 1446(a).

7.  Defendant will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

8.  A copy of this notice will be filed with the clerk of the District Court for Clark County as required by 28 U.S.C. § 1446(d).

///
///
///
///
///
///
///

9. WHEREFORE, Defendant ALLSTATE hereby requests that this action proceed in this Court as an action properly removed to it.

DATED this 20 day of January, 2017.

                            PYATT SILVESTRI

                            _____
                            JAMES P. C. SILVESTRI, ESQ.
                            Nevada Bar No. 3603
                            PYATT SILVESTRI
                            701 Bridger Ave., Suite 600
                            Las Vegas, NV 89101

                            Attorney for Defendant,
                            *ALLSTATE INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **NOTICE OF REMOVAL** was deposited in the United States Mails at Las Vegas, Nevada, postage fully prepaid, this 20th day of January, 2017, a true and correct copy addressed to the following:

Matthew L. Sharp, Esq.
MATTHEW L. SHARP, LTD.
432 Ridge Street
Reno, NV 89501
matt@mattsharplaw.com

*Attorney for Plaintiff*

/s/ Barbara Abbott
An Employee of Pyatt Silvestri

# EXHIBIT "A"

# EXHIBIT "A"

 **CT Corporation**

**Service of Process Transmittal**
12/23/2016
CT Log Number 530393516

**TO:** Jeff Grossinger
Allstate Insurance Company
MCO Office, 222 S. Mill Avenue
Tempe, AZ 85281

**RE:** Process Served in Nevada

**FOR:** Allstate Insurance Company  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BRENDA THOMPSON, Pltf. vs. Allstate Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter(s), Proof(s), Summons, Complaint |
| **COURT/AGENCY:** | Clark County District Court, NV<br>Case # A16747463C |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/23/2016 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Matthew L. Sharp<br>432 Ridge St.<br>Reno, NV 89501<br>775-324-1500 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/24/2016, Expected Purge Date: 12/29/2016<br><br>Image SOP<br><br>Email Notification,  Jeff Grossinger  cdvfx@allstate.com<br><br>Email Notification,  Milt Thulin  Milt.Thulin@allstate.com<br><br>Email Notification,  John Darabaris  cd2w6@allstate.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | The Corporation Trust Company of Nevada<br>701 S Carson St.<br>Suite 200<br>Carson City, NV 89701-5239<br>314-863-5545 |

Page 1 of  1 / CM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

ALLSTATE INSURANCE COMPANY
C/O THE CORPORATION TRUST CO OF NV
701 SOUTH CARSON STREET SUITE 200
CARSON CITY NV 89701-5239

7015 1660 0000 1901 8250

...sion of Insurance
...ege Pkwy., Suite 103
...NV 89706-7986

BRIAN SANDOVAL
*Governor*

STATE OF NEVADA

BRUCE H. BRESLOW
*Director*



BARBARA D. RICHARDSON
*Commissioner*

DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF INSURANCE
1818 East College Pkwy., Suite 103
Carson City, Nevada 89706
(775) 687-0700   •   Fax (775) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

December 20, 2016

Matthew L. Sharp, Esq.
Matthew L. Sharp, Ltd.
432 Ridge Street
Reno, NV 89501

RE:  Brenda Thompson vs. Allstate Insurance Company
     District Court, Clark County, Nevada
     Case No. A-16-747463; Dept. No. XXVII

Dear Mr. Sharp:

The Nevada Division of Insurance ("Division") received the service of process documents on December 15, 2016 regarding the above-entitled matter. Service has been completed on Allstate Insurance Company this date and enclosed are the following:

1. A copy of the Division's letter to Allstate Insurance Company, dated December 20, 2016.
2. A certified copy of the Proof of Service dated December 20, 2016.
3. A copy of the paid invoice in the amount of $30.00.

Pursuant to *Nevada Revised Statutes* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

Please advise if you have any questions regarding this service.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By: _____
FELECIA CASCI
Service of Process Clerk

Enclosures
c:  Allstate Insurance Company

## PROOF OF SERVICE

I hereby declare that on this day I served a copy of the Summons and Complaint and Jury Demand upon the following defendant in the within matter, by mailing true and correct copies thereof, via certified mail, return receipt requested, to the following:

> Allstate Insurance Company
> c/o The Corporation Trust Company of Nevada
> 701 South Carson Street, Suite 200
> Carson City, NV 89701-5239
> CERTIFIED MAIL NO. 7015 1660 0000 1901 8250
> RETURN RECEIPT TRACKING NO. 9590 9402 2132 6132 9545 18

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 20th day of December, 2016.

_____
FELECIA CASCI
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE: Brenda Thompson vs. Allstate Insurance Company
District Court, Clark County, Nevada
Case No. A-16-747463; Dept. No. XXVII

State of Nevada, Division of Insurance
The document on which this certificate is stamped is a full, true and correct copy of the original

Date: 12/20/16    By: Felecia Casci

-1-

BRIAN SANDOVAL
*Governor*

STATE OF NEVADA

BRUCE H. BRESLOW
*Director*

BARBARA D. RICHARDSON
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF INSURANCE
1818 East College Pkwy., Suite 103
Carson City, Nevada 89706
(775) 687-0700 • Fax (775) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

December 20, 2016

Allstate Insurance Company
c/o The Corporation Trust Company of Nevada
701 South Carson Street, Suite 200
Carson City, NV 89701-5239

RE: Brenda Thompson vs. Allstate Insurance Company
District Court, Clark County, Nevada
Case No. A-16-747463; Dept. No. XXVII

Dear Sir or Madam:

Enclosed please find the following documents: Summons and Complaint and Jury Demand. These documents have been served upon the Commissioner of Insurance as your attorney for service of process on December 15, 2016.

The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

Please advise if you have any questions regarding this service.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By: Felecia Casci
FELECIA CASCI
Service of Process Clerk

Enclosures
c: Matthew L. Sharp, Esq.

Electronically Filed
12/27/2016 04:03:13 PM

**CLERK OF THE COURT**

SUMM

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| BRENDA THOMPSON, | CASE NO.: A-16-747463-C |
| Plaintiff, | DEPT. NO.: XXVII |
| vs. | |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

### SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION.**

TO THE DEFENDANTS: A civil complaint has been filed by the Plaintiffs against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after service of the Summons is served on you, exclusive of the day of service, you must do the following:

    (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

RECEIVED

DEC 06 2016

CLERK OF THE COURT

1

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after serve of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
CLERK OF THE COURT

By: _____  DEC 06 2016
   Deputy Clerk                Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

Submitted by:

_____
Matthew L. Sharp, Esq.
Nevada State Bar #4746
Matthew L. Sharp, Ltd.
432 Ridge St.
Reno, NV 89501
(775) 324-1500
Attorneys for Plaintiff

2

Electronically Filed
12/01/2016 01:52:19 PM

CLERK OF THE COURT

COMP
Matthew L. Sharp, Esq.
Nevada Bar No. 4746
Matthew L. Sharp, Ltd.
432 Ridge St.
Reno, NV 89501
Phone: (775) 324-1500
Fax: (775) 284-0675
matt@mattsharplaw.com
Attorney for Plaintiff BRENDA THOMPSON

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| BRENDA THOMPSON, | CASE NO.: A-16-747463-C |
| Plaintiff, | DEPT. NO.: XXVII |
| vs. | |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

### COMPLAINT AND JURY DEMAND

Plaintiff, Brenda Thompson, by and through her attorney, Matthew L. Sharp, pleads and alleges as follows:

### PARTIES

1. Brenda Thompson is a citizen and resident of Clark County, Nevada.

2. At all relevant times, Defendant Allstate Insurance Company ("Allstate") has been an insurance company doing business in the State of Nevada.

3. The claims arise from conduct that occurred in Clark County, Nevada.

### STATEMENT OF FACTS

4. At all relevant times, Allstate insured Plaintiff Brenda Thompson under an automobile insurance policy.

1

5.     At all relevant times, the insurance policy has provided $50,000 in medical payment coverage per accident.

6.     On May 8, 2013, Brenda Thompson was injured in an automobile accident.

7.     Because of her injuries, Brenda Thompson received medical treatment from health care providers including Integrated Pain Specialist, Dr. Marjorie Belsky, and Dr. Mario Tarquino.

8.     Brenda Thompson incurred medical bills for the treatment provided by the health care providers including medical bills from Integrated Pain Specialist, Dr. Marjorie Belsky, and Dr. Mario Tarquino.

9.     Claims for the medical bills were filed with Allstate.

10.    Allstate routinely denied Brenda Thompson's claims and unreasonably delayed in paying legitimate claims. For example, Allstate delayed for over six months in paying for emergency services provided the day of the accident.

11.    On January 23, 2014, Brenda Thompson was injured in a second accident.

12.    Brenda Thompson incurred medical bills for the treatment provided by the health care providers for the January 23, 2014 accident.

13.    Claims for the medical bills were filed with Allstate.

14.    Allstate routinely denied Brenda Thompson's claims and unreasonably delayed in paying legitimate claims for the January 23, 2014 claim. For example, Allstate refused to pay for emergency room services provided on January 23, 2014.

15.    Following the January 23, 2014 accident, Allstate refused and delayed in paying claims for medical treatment provided by Integrated Pain Specialist, Belsky, and Tarquino.

16.    Because of the unpaid bills, Integrated Pain Specialist, Belsky, and Tarquino refused to provide treatment to Brenda Thompson.

17.    In or about January or February 2015, Allstate hired Dr. Robert Berry to conduct a record review of Brenda Thompson's treatment. On or about February 13, 2015, Dr. Berry

claimed, without physical exam, that beginning in 2015 Brenda Thompson needed no treatment for either accident.

18. Allstate delayed in paying claims for medical treatment provided by Integrated Pain Specialist, Belsky, and Tarquino for which Allstate knew no dispute regarding the medical necessity existed.

19. On or about November 22, 2015, Brenda Thompson filed a complaint with the Nevada Insurance Commissioner regarding Allstate denying and delaying in paying claims for medical treatment provided by Integrated Pain Specialist, Belsky, and Tarquino.

20. On or about December 1, 2015, Allstate filed a lawsuit against Integrated Pain Specialist, Belsky, and Tarquino. The lawsuit is called *Allstate Insurance Company et. al. v. Marjorie Belsky, MD., et. al*, United States District Court, District of Nevada CV-02265-MMD-CWH.

21. Allstate has alleged that Integrated Pain Specialist, Belsky, and Tarquino engaged in wrongdoing including: (1) engaged in providing unnecessary medical care; (2) submitted false billings to insurers; and (3) engaged in a scheme to defraud patients and insurers.

22. Allstate has alleged claims for Federal Nevada Racketeer Influenced and Corrupt Organization Act (RICO), common law fraud, and common law conspiracy.

23. The relief Allstate seeks includes monies paid on behalf of insureds for treatment received by Integrated Pain Specialist, Belsky, and Tarquino.

24. At all relevant times, Allstate never disclosed to Brenda Thompson that Integrated Pain Specialist, Belsky, and Tarquino were engaging in a fraudulent scheme, conspiracy, and racketeering to defraud patients and insurers.

25. On December 15, 2015 and in response to Brenda Thompson's consumer complaint, Allstate indicated to the Nevada Insurance Commissioner that it intended to request an "independent medical exam."

26. On March 8, 2016, Allstate received a report from Dr. Estela. He claimed Brenda Thompson's "current complaints are solely attributable to the 5/8/13 MVA."

27. Allstate has failed to pay for treatment provided by Integrated Pain Specialist, Belsky, and Tarquino.

28. Integrated Pain Specialist, Belsky, and Tarquino sent Brenda Thompson to collection for the bills that Allstate did not pay.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

29. Plaintiff realleges and incorporates by reference the allegations in Paragraph 1-28 as though fully set forth herein.

30. Under the medical payment coverage under the policy of insurance, Allstate was required to pay for medical treatment Brenda Thompson received for the May 8, 2013 and January 23, 2014 accidents.

31. Allstate breached the contract by failing to pay insurance benefits due and owing.

32. As a cause of Allstate's breach of contract, Brenda Thompson has incurred in the form of denied insurance benefits, the medical bills that were not paid by Allstate and consequential damages including costs and attorney's fees in an amount that exceeds $10,000.

### SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing or Bad Faith)

33. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1-32 as though fully set forth herein.

34. Allstate owed Brenda Thompson a duty of good faith and fair dealing.

35. Allstate breached its duty of good faith and fair dealing by engaging in unreasonable conduct with knowledge that there was no reasonable basis for its conduct and/or acting with reckless disregard for the absence of any reasonable basis for its conduct including failing to pay benefits for medical treatment; engaging in unreasonable delay in the payment of benefits under the policy; failing to reasonably investigate and evaluate Brenda Thompson's

4

claim; failing to disclose material facts including that it targeted patients of Integrated Pain Specialists, Belsky, and Tarquino for specialized investigation; considering its interest over that of Brenda Thompson's interest; and other wrongful conduct.

36. Allstate's breach of its duty of good faith and fair dealing has caused special and general damages to Brenda Thompson including denied claims, credit damage, attorney's fees, physical pain from deprived care, emotional distress and anxiety, and credit damage in an amount in excess of $10,000.

37. In engaging in its bad faith conduct, Allstate has acted fraudulently, oppressively, and in malicious disregard for the rights of Plaintiff. Plaintiff, therefore, seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
(Violation of the Nevada Unfair Trade Practices Act)

38. Plaintiff realleges and incorporates by reference the allegations in Paragraph 1-37 as through fully set forth herein.

39. Plaintiff incorporates the specific provisions of NRS 686A.310(1).

40. Allstate has violated NRS 686A.310(1) by failing to pay all benefits due under the policy where liability of the insurer is reasonably clear; by misrepresenting pertinent facts and insurance policy provisions relating to coverages at issue; by failing to adopt and implement reasonable standards for the investigation of claims; by failing to affirm or deny coverage within a reasonable time; by failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim; and by other wrongful conduct.

41. Allstate's violations of NRS 686A.310 has caused special and general damages to Brenda Thompson including denied claims, credit damage, attorney's fees, physical pain from deprived care, emotional distress and anxiety, and credit damage in an amount in excess of $10,000.

42. Allstate has acted fraudulently, oppressively, and in malicious disregard for the rights of Plaintiff. Plaintiff, therefore, seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court enter Judgment for Plaintiff and against Defendant as follows:

1. For special and general damages in excess of $10,000;
2. For punitive damages in excess of $10,000;
3. For prejudgment, pre-complaint, and post-judgment interest as provided for by law;
4. For reasonable attorneys' fees and costs incurred; and
5. For such other and further relief as this Court deems proper.

## JURY TRIAL DEMAND

Plaintiff BRENDA THOMPSON hereby demands trial by jury of all issues so triable.

DATED this 1st day of December 2016.

MATTHEW L. SHARP, LTD.

By____/s/ Matthew L. Sharp____
Matthew L. Sharp, Esq.
432 Ridge St
Reno, NV 89501
Phone: (775) 324-1500
Fax: (775) 284-0675
matt@mattsharplaw.com
Attorney for Plaintiff

6