JAMES P.C. SILVESTRI, ESQ.
Nevada Bar No. 3603
PYATT SILVESTRI
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
(702) 383-6000
(702) 477-0088 (fax)
jsilvestri@pyattsilvestri.com

*Attorney for Defendant,*
*ALLSTATE FIRE AND*
*CASUALTY INSURANCE COMPANY*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRENDA THOMPSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>　　　　Defendant. | CASE NO.: 2:17-cv-00181-JCM-VCF |

## STIPULATION AND ORDER FOR PROTECTIVE ORDER REGARDING DOCUMENTS AND TESTIMONY PERTAINING TO PROPRIETARY DOCUMENTS

WHEREAS the following, collectively referred to as "the Parties," namely:

- Plaintiff, Brenda Thompson ("Plaintiff"), and

- Allstate Insurance Company ("Allstate"),

by and through their respective counsel, enter into this Stipulation and Protective Order Regarding Confidential Information as set forth below.

In order to protect the confidentiality of Confidential Information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant

page or other otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed or formerly employed by Allstate Insurance Company or one of its affiliated companies or one of its competitors, the party shall notify the opposing party, or designating nonparty, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

(e) any authors or recipients of the Confidential Information;

(f) the Court, Court personnel, and court reporters; and

(g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

7. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information

Pyatt Silvestri
701 E. Bridger Avenue
Suite 600
Las Vegas, Nevada 89101
(702) 383-6000

and certify in writing within thirty (30) days that the documents have been destroyed.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

DATED this 21st day of November, 2017.  DATED this 21st day of November, 2017.

MATTHEW L. SHARP, LTD.  EGLET PRINCE

/s/ *Matthew L. Sharp*  /s/ *Dennis M. Prince*
MATTHEW L. SHARP, ESQ.  DENNIS M. PRINCE, ESQ.
Nevada Bar No. 4746  Nevada Bar No. 5092
432 Ridge Street  TRACY A. EGLET, ESQ.
Reno, NV 89501  Nevada Bar No. 6419
matt@mattsharplaw.com  400 South Seventh St., Fourth Floor
Attorney for Plaintiff  Las Vegas, NV 89101
  eservice@egletlaw.com
  Attorney for Plaintiff

DATED this 21st day of November, 2017.

PYATT SILVESTRI

JAMES P. C. SILVESTRI, ESQ.
Nevada Bar. No. 3603
WALTER F. FICK, ESQ.
Nevada Bar No. 14193
701 Bridger Ave., Suite 600
Las Vegas, NV 89101
Attorneys for Defendant,
Allstate Property and Casualty Insurance Company

## ORDER

Pursuant to the foregoing Stipulation and good cause appearing therefore,

IT IS SO ORDERED.

DATED this 21st day of November, 2017.

_____
DISTRICT COURT JUDGE

Cam Ferenbach
United States Magistrate Judge

Respectfully submitted by:

PYATT SILVESTRI

_____
JAMES P. C. SILVESTRI, ESQ.
Nevada Bar. No. 3603
WALTER F. FICK, ESQ.
Nevada Bar No. 14193
701 Bridger Ave., Suite 600
Las Vegas, NV 89101
Attorneys for Defendant,
Allstate Property and Casualty
Insurance Company

## ATTESTATION OF CONCURRENCE IN FILING

I hereby attest and certify that on, November 21, 2017, I received concurrence from Plaintiff's counsel, Matthew L. Sharp and Dennis M. Prince, to file this document with their electronic signatures attached.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

November 21, 2017.

/s/ *James P.C. Silvestri*
JAMES P.C. SILVESTRI
Nevada Bar No. 3603

# CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, Civil No. _____. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information - including copies, notes, or other transcriptions made therefrom - in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information - including copies, notes or other transcriptions made therefrom - to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

DATED this ____ day of _____, 2017.

**EXHIBIT "A"**

Pyatt Silvestri
701 E. Bridger Avenue
Suite 600
Las Vegas, Nevada 89101
(702) 383-6000

# APPENDIX A

## ACKNOWLEDGMENT OF STIPULATION AND PROTECTIVE ORDER REGARDING ALLSTATE'S PROPRIETARY MATERIALS/TRADE SECRETS.

BRENDA THOMPSON V. ALLSTATE INSURANCE COMPANY, CASE NO.: 2:17-cv-00181-JCM-VCF,

I, _____, acknowledge that I have read the Stipulation and Protective Order regarding Allstate's Proprietary Materials/Trade Secrets. (Allstate Protective Order) entered by the Court on _____, 2017, in the above-entitled action. I understand the terms of the Allstate Protective Order and agree to be bound by those terms. Prior to signing this Acknowledgment, I have had an opportunity to consult with an attorney of my choosing to discuss the terms of the Allstate Protective Order and my obligations thereunder.

DATED: _____        _____
                              Signature

                              _____
                              Name Printed

                              _____
                              Business Address

                              _____

                              _____

Pyatt Silvestri
701 E. Bridger Avenue
Suite 600
Las Vegas, Nevada 89101
(702) 383-6000